UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.:

Roxana L. Lopez,
Gabriel G. Rangel,
and other similarly situated individuals,

    Plaintiffs,

v.

Panther Concrete Design LLC,
And Miguel A. Mejia, individually

    Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Roxana L. Lopez, Gabriel G. Rangel, and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Panther Concrete Design LLC and Miguel A. Mejia, individually, and allege:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Roxana L. Lopez and Gabriel G. Rangel are residents of Naples, Collier County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Panther Concrete Design LLC (from now on Panther Concrete, or Defendant) is a Florida Limited Liability Company, doing business in Collier and Lee County, Florida, where Plaintiffs worked for Defendant.

4. Individual Defendant Miguel A. Mejia was and is now the owner/partner/officer/and manager of Panther Concrete. Defendant Miguel A. Mejia was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and he is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint occurred in Collier and Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiffs Roxana L. Lopez and Gabriel G. Rangel as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who

worked more than forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being adequately compensated.

7. Defendant Panther Concrete is a construction company providing concrete coatings services to the construction industry.

8. Defendant Panther Concrete was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a construction and remodeling company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as concrete laborers. Plaintiffs regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Panther Concrete and Miguel A. Mejia employed Plaintiffs Roxana L. Lopez and Gabriel G. Rangel as non-exempted, full-time employees approximately between August 01, 2021, and February 28, 2023, or 82 weeks.

11. Plaintiffs were hired to work as concrete design laborers. Plaintiffs were paid a daily rate of $200.00.

12. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked six days weekly. Plaintiffs worked from Monday to Saturday from 7:00 AM to 6:00 PM (11 hours daily). Plaintiffs worked a total of 63 hours weekly. Plaintiffs have already deducted 3 hours of lunchtime weekly (30 minutes x 6 days=3 hours weekly).

13. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs for all their working hours, but at their regular rate.

14. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

15. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiffs were paid weekly by Zelle and cash, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

17. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the normal payment day. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

18. On or about February 28, 2023, Plaintiffs were forced to resign from their employment because they did not receive their wages for approximately four weeks.

19. When Plaintiffs stopped working, Defendants Panther Concrete refused to pay them four weeks of hard-earned wages.

20. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

21. At times mentioned, individual Defendant Miguel A. Mejia was, and is now, the owner/partner/manager of Panther Concrete. Defendant Miguel A. Mejia was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Panther Concrete's interests concerning its employees, including Plaintiffs and others similarly situated. Defendant Miguel A. Mejia had financial and operational control of the business

determining Plaintiffs' terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiffs' damages.

22. Plaintiffs Roxana L. Lopez and Gabriel G. Rangel seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, liquidated damages, and any other relief as allowable by law.

23. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

24. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable Attorneys' fees and costs.

## Collective Action Allegations

25. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

27. This action is intended to include every construction laborer and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

28. Plaintiffs Roxana L. Lopez and Gabriel G. Rangel re-adopt every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

29. This action is brought by Plaintiffs Roxana L. Lopez, Gabriel G. Rangel, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants Panther Concrete and Miguel A. Mejia employed Plaintiffs Roxana L. Lopez and Gabriel G. Rangel as non-exempted, full-time employees approximately between August 01, 2021, and February 28, 2023, or 82 weeks.

31. Plaintiffs were hired to work as concrete design laborers. Plaintiffs were paid a daily rate of $200.00.

32. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked six days weekly. Plaintiffs worked from Monday to Saturday from 7:00 AM to 6:00 PM (11 hours daily). Plaintiffs worked a total of 63 hours weekly. Plaintiffs have already deducted 3 hours of lunchtime weekly (30 minutes x 6 days=3 hours weekly).

33.  Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs for all their working hours, but at their regular rate.

34. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

35. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. Plaintiffs were paid weekly by Zelle and cash, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

37. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the normal payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

38. On or about February 28, 2023, Plaintiffs were forced to resign from their employment because they did not receive their wages for approximately four weeks.

39. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

40. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid overtime hours.

42. Plaintiffs' overtime damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and records are received.

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Overtime claim of Plaintiff Roxana L. Lopez

a. <u>Total amount of alleged unpaid wages</u>:

Seventeen Thousand Nine Hundred Seventy-Three Dollars and 00/100 (17,973.58)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  82 weeks
Total relevant weeks of employment: 82 weeks
Total hours worked: 63 hours weekly
Total unpaid O/T hours: 23 O/T hours weekly
Daily rate: $200.00 x 6 days=$1,200.00 weekly:63 hours=$19.05
Regular rate: $19.05 an hour x 1.5=$28.58
O/T rate: $28.58 an hour-$19.05 O/T rate paid= $9.53 difference
Half-time: $9.53

$9.53 x 23 O/T hours=$219.19 weekly x 82 weeks=$17,973.58

c. <u>Nature of wages:</u>

This amount represents unpaid half-time overtime wages[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

## 2.- Overtime claim of Plaintiff Gabriel G. Rangel

a. Total amount of alleged unpaid wages:

Seventeen Thousand Nine Hundred Seventy-Three Dollars and 00/100 (17,973.58)

b. Calculation of such wages:

Total weeks of employment:  82 weeks
Total relevant weeks of employment: 82 weeks
Total hours worked: 63 hours weekly
Total unpaid O/T hours: 23 O/T hours weekly
Daily rate: $200.00 x 6 days=$1,200.00 weekly:63 hours=$19.05
Regular rate: $19.05 an hour x 1.5=$28.58
O/T rate: $28.58 an hour-$19.05 O/T rate paid= $9.53 difference
Half-time: $9.53

$9.53 x 23 O/T hours=$219.19 weekly x 82 weeks=$17,973.58

c. Nature of wages:

This amount represents unpaid overtime wages[2]

43. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

44. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

45. Defendants Panther Concrete and Miguel A. Mejia willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

46. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiffs Roxana L. Lopez, Gabriel G. Rangel, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Roxana L. Lopez, Gabriel G. Rangel, and other similarly situated individuals and against the Defendants Panther Concrete and Miguel A. Mejia based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for

  unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

 C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

 D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

 E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiffs Roxana L. Lopez and Gabriel G. Rangel demand a trial by a jury of all issues triable as of right by a jury.

**COUNT II:
FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
FAILURE TO PAY MINIMUM WAGE**

47. Plaintiffs Roxana L. Lopez and Gabriel G. Rangel re-adopt every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

48. Plaintiffs bring this action to recover from the Employers Panther Concrete and Miguel A. Mejia unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

49. Defendant Panther Concrete was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

50. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

51. Defendants Panther Concrete and Miguel A. Mejia employed Plaintiffs Roxana L. Lopez and Gabriel G. Rangel as non-exempted, full-time employees approximately between August 01, 2021, and February 28, 2023, or 82 weeks.

52. Plaintiffs were hired to work as concrete design laborers. Plaintiffs were paid a daily rate of $200.00.

53. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked six days weekly, a total of 63 hours weekly. Plaintiffs have already deducted 3 hours of lunchtime weekly (30 minutes x 6 days=3 hours weekly).

54. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours.

55. During their employment with Defendants, Plaintiffs did not receive their wages timely, on the normal payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

56. On or about February 28, 2023, Plaintiffs were forced to resign from their employment because they did not receive their wages for approximately four weeks.

57. When Plaintiffs stopped working, Defendants refused to pay them four weeks of hard-earned wages.

58. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

59. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

60. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

61. Plaintiffs were paid by Zelle and in cash, without paystubs providing information about the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

62. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

63. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

64. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll records are provided.
* Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Minimum wage claim of Plaintiff Roxana L. Lopez

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Seven Hundred Sixty Dollars and 00/100 ($1,760.00)

   b. <u>Calculation of such wages</u>:

    Total weeks of employment: 82 weeks
    Total relevant weeks of employment: 4 weeks
    Total hours worked: 63 hours weekly
    Daily rate: $200.00 x 6 days=$1,200.00 weekly:63 hours=$19.05
    Regular rate: $19.05 an hour x 1.5=$28.58
    Florida Minimum wage 2023: $11.00 an hour

    $11.00 x 40 hours= $440.00 weekly x 4 weeks=$1,760.00

c. <u>Nature of wages</u>:

    This amount represents unpaid regular wages at Florida minimum Wage rate[3]

### 2.- Minimum wage claim of Plaintiff Gabriel G. Rangel

a. <u>Total amount of alleged unpaid wages</u>:

    One Thousand Seven Hundred Sixty Dollars and 00/100 ($1,760.00)

b. <u>Calculation of such wages</u>:

    Total weeks of employment: 82 weeks
    Total relevant weeks of employment: 4 weeks
    Total hours worked: 63 hours weekly
    Daily rate: $200.00 x 6 days=$1,200.00 weekly:63 hours=$19.05
    Regular rate: $19.05 an hour x 1.5=$28.58
    Florida Minimum wage 2023: $11.00 an hour

    $11.00 x 40 hours= $440.00 weekly x 4 weeks=$1,760.00

c. <u>Nature of wages</u>:

    This amount represents unpaid regular wages at Florida minimum

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

Wage rate[4]

65. Defendants Panther Concrete and Miguel A. Mejia unlawfully failed to pay Plaintiffs Roxana L. Lopez and Gabriel G. Rangel minimum wages.

66. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

67. Defendants Panther Concrete and Miguel A. Mejia willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

68. Plaintiffs Roxana L. Lopez and Gabriel G. Rangel have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Roxana L. Lopez, Gabriel G. Rangel, and those similarly situated respectfully request that this Honorable Court:

---

[4] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

A. Enter judgment for Plaintiffs Roxana L. Lopez and Gabriel G. Rangel and against Defendants Panther Concrete and Miguel A. Mejia based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Roxana L. Lopez, Gabriel G. Rangel, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date: March 30, 2023,

Respectfully submitted,

By: __/s/ Zandro E. Palma____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502

zep@thepalmalawgroup.com
*Attorney for Plaintiffs*